# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **ARIES MARINE CORPORATION** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **SANARE ENERGY PARTNERS, LLC and GREYHOUND ENERGY LLC** – *in rem* | **MAG. JUDGE** |
| **AND** | **RULE 9(h) ADMIRALTY** |
| **SANARE ENERGY PARTNERS, LLC and GREYHOUND ENERGY LLC** – *in personam* | **NON-JURY** |

## VERIFIED COMPLAINT *IN REM* TO RECOGNIZE AND ENFORCE OIL WELL LIENS BY WRIT OF SEQUESTRATION AND GARNISHMENT AND *IN PERSONAM* ON OPEN ACCOUNT

NOW INTO COURT, through undersigned counsel, comes ARIES MARINE CORPORATION ("Aries Marine"), a Louisiana corporation with its principal place of business in Lafayette, Louisiana, who files this Verified Complaint seeking: i) recognition of Aries Marine's lien and privilege rights with respect to the Subject Interests (defined hereinbelow) of Sanare Energy Partners, LLC and Greyhound Energy LLC (the "Defendants"), and enforcing such rights by writ of sequestration, specifically reserving any and all rights to seek additional legal or equitable relief against other property or persons accountable for the claims herein; and ii) *in personam* against Sanare Energy Partners, LLC and Greyhound Energy LLC for breach of open account agreement. In support of the Verified Complaint, Aries Marine respectfully represents:

### Parties

1. Named defendant herein, SANARE ENERGY PARTNERS, LLC, ("Sanare"), is a Delaware limited liability corporation authorized to do business in Louisiana with its principal

place of business in Roanoke, Virginia. Sanare can be served through its registered agent in Louisiana, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802.

2. Named defendant herein, GREYHOUND ENERGY LLC ("Greyhound"), is a Delaware limited liability company authorized to do business in Louisiana with its principal place of business in Houston, Texas. Greyhound can be served through its registered agent in Louisiana, Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, 601 Poydras Street, Suite 2775, New Orleans, LA 70130.

## Jurisdiction and Venue

3. This Court has jurisdiction over this matter pursuant to the Outer Continental Shelf and Lands Act, 43 U.S.C. §1349(b)(1) because the case and controversy herein arises out of, and in connection with, operations conducted on the Outer Continental Shelf for the exploration, development, or production of minerals, subsoil, and seabed of the Outer Continental Shelf, and original jurisdiction pursuant to 28 U.S.C.A. §1333 and Rule 9(h) of the Federal Rules of Civil Procedure because the case and controversy arises out of a maritime charter agreement. This Court also has jurisdiction over the *in personam* claims on open account, pursuant to 28 U.S.C. § 1332, as a civil action between citizens of different states with an amount in controversy in excess of $75,000. Aries Marine elects to proceed under 9(h) of the Federal Rules of Civil Procedure.

4. Venue is proper in this District under 43 U.S.C. §1349(b)(1) because this is the "judicial district of the State nearest the place the cause of action arose."

## Factual Allegations

5. Sanare is obligated to Aries Marine in the amount of $374,165.00, plus one percent (1%) per month contractual interest thereon from the date due, attorney's fees up to the amount of 10% of the amount owed, and all costs, and Sanare and Greyhound are solidarily

obligated to Aries Marine in the amount of $200,000.00, plus one percent (1%) per month contractual interest thereon from the date due, attorney's fees up to 10% of the amount owed, and all costs for the following:

6. Aries Marine owns various self-elevating vessels ("liftboats") designed to be used in support of offshore petroleum exploration, development or production, which Aries Marine, from time to time, time charters to various entities in the offshore petroleum industry ("Charter Services").

7. Pursuant to an October 8, 2019 Master Time Charter Agreement ("MTC"), Aries Marine furnished Charter Services to the Defendants for and in connection with the drilling and/or operation of certain federal leases as listed on **Exhibit 1** attached hereto. The Charter Services provided by Aries Marine consisted of the time-charter of Aries Marine liftboats as follows:

(a) Sanare chartered the Aries Marine Liftboat M/V Ram XVII from October 1, 2019 through October 27, 2019 to provide services at a well site in South Marsh Island Block 41 on the Outer Continental Shelf of the Gulf of Mexico off the coast of Louisiana and adjacent to Vermilion Parish. Aries Marine sent Sanare Invoice No. 14904 dated October 30, 2019 for the Charter Services totaling $145,490.00, of which an outstanding balance of $6,925.00 remains unpaid;

(b) As Sanare's assignee under the MTC, Greyhound chartered Aries Marine Liftboat M/V Ram XII from July 1, 2022 through July 24, 2022 to provide services at well sites in Main Pass Blocks 64 and 65A under federal lease OCS G 4909 on the Outer Continental Shelf of the Gulf of Mexico off the coast of Louisiana and adjacent to Plaquemines Parish. Aries Marine sent Greyhound Invoice No. 15233

   dated August 4, 2022 for the Charter Services totaling $434,340.00, of which $200,000.00 remains unpaid.

(c) Sanare chartered the Aries Marine Liftboat M/V Ram XIV from August 5, 2022 through August 11, 2022 to provide services at a well site in West Cameron Block 269 under federal lease OCS G 13563 on the Outer Continental Shelf of the Gulf of Mexico off the coast of Louisiana and adjacent to Cameron Parish. Aries Marine sent Sanare Invoice No. 15235 dated August 19, 2022 for the Charter Services totaling $83,860.00, of which $68,860.00 remains unpaid;

(d) Sanare chartered the Aries Marine Liftboat M/V Ram XII from August 24, 2022 through August 31, 2022 to provide services at a well site in Ship Shoal Block 72 under federal lease OCS G 0060 on the Outer Continental Shelf of the Gulf of Mexico off the coast of Louisiana and adjacent to Terrebonne Parish. Aries Marine sent Sanare Invoice No. 15242 dated September 13, 2022 for the Charter Services totaling $103,560.00, all of which remains unpaid; and

(e) Sanare chartered the Aries Marine Liftboat M/V Ram XII from September 1, 2022 through September 15, 2022 to provide Charter Services at a well site in Ship Shoal Block 63 under federal lease OCS G 00057 on the Outer Continental Shelf of the Gulf of Mexico off the coast of Louisiana and adjacent to Terrebonne Parish. Aries Marine sent Sanare Invoice No. 15245 dated September 28, 2022 for the Charter Services totaling $194,820.00, all of which remains unpaid.

8. Pursuant to the MTC, Aries Marine invoices are required to be paid by the charterer within thirty (30) days of receiving the invoice. In the event payment is not timely

made, Aries Marine is entitled to recover from charterer contractual interest on the unpaid balance at the rate of one percent (1%) per month from the date due until paid.

9. The MTC provides that Sanare may assign its rights under the MTC to its parent, affiliate or subsidiary, but such assignment shall not relieve Sanare from its obligations under the MTC.

10. On information and belief, at all relevant times, Greyhound was a parent, affiliate or subsidiary of Sanare.

11. The corresponding invoices and lift boat work orders for Charter Services that are detailed above and listed in **Exhibit 1** are attached as **Exhibit 2**.

12. Based on the records of the Bureau of Ocean Energy Management ("BOEM"), and on information and belief, the Defendants hold working interests in the following leases situated on the Outer Continental in the Gulf of Mexico:

   (a) Sanare and/or Greyhound is the lessee of OCS G 4909, Main Pass Blocks 64 and 65A, for which Sanare and/or Greyhound is the operator of record;

   (b) Sanare is the lessee of OCS G 13563, West Cameron Block 269, for which Sanare is the operator of record;

   (c) Sanare is the lessee of OCS G 0060, Ship Shoal Block 72, for which Sanare is the operator of record; and

   (d) Sanare is the lessee of OCS G 00057, Ship Shoal Block 63, for which Sanare is the operator of record.

(Sometimes collectively referred to as the "Leases")

13. Pursuant to La. R.S. § 9:4861, *et seq.* ("LOWLA"), Aries Marine is granted a privilege and lien (the "Lien") to secure payment owed for the Charter Services provided by the Aries Marine for the benefit of the Leases and the Defendants.

14. Aries Marine properly preserved, perfected, and maintained the perfection of the Lien by filing and recording the following lien affidavits (the "Lien Affidavits"):

   (a) Statement of Privilege in the amount of $434,340.00, in favor of Aries Marine, against Lease No. OCS G 4909, Main Pass Blocks 64 and 65A, filed and recorded in the mortgage records of Plaquemines Parish on January 26, 2023, as File #2023-265, Book 825, Page 564 (attached hereto and incorporated by reference as **Exhibit 3**);

   (b) Statement of Privilege in the amount of $83,860.00, in favor of Aries Marine, against Lease No. OCS G 13563, West Cameron Block 269, filed and recorded in the mortgage records of Cameron Parish on February 8, 2023, as Instrument Number 354129 (attached hereto and incorporated by reference as **Exhibit 4**);

   (c) Statement of Privilege in the amount of $103,560.00, in favor of Aries Marine, against Lease No. OCS G 0060, Ship Shoal Block 72, filed and recorded in the mortgage records of Terrebonne Parish on February 16, 2023, as File #1667184, Book 3404, Page 826 (attached hereto and incorporated by reference as **Exhibit 5**); and

   (d) Statement of Privilege in the amount of $194,820.00, in favor of Aries Marine, against Lease No. OCS G 00057, Ship Shoal, Block 63, filed and recorded in the mortgage records of Terrebonne Parish on February 16, 2023, as File #1667183, Book 3404, Page 821 (attached hereto and incorporated by reference as **Exhibit 6**).

15. Aries Marine sent notice of the filing of the Lien Affidavits to Sanare via certified mail, return receipt requested as follows: the Lien Affidavit in **Exhibit 3** on January 30, 2023, the Lien Affidavit in **Exhibit 4** on February 8, 2023, and the Lien Affidavits in **Exhibits 5 and 6** on February 14, 2023.

16. On or about February 6, 2023, Aries Marine received a payment from Sanare of $234,340.00 on the August 4, 2022 Invoice No. 15233.

16. On or about June 7, 2023, Aries Marine received a payment from Sanare of $15,000.00 on the August 19, 2022 Invoice No. 15235.

17. To date, Aries Marine has not received any additional payments from the Defendants, and the principal unpaid amount for the Charter Services as reflected above and in **Exhibit 1** remains past due and owing, together with attorneys' fees up to 10% of the amount due, costs for preparing the Lien Affidavits and notices of *lis pendens*, and contractual interest of 1% per month.

18. The total unpaid amount for the Charter Services due from Sanare of $374,165.00, and from Sanare and Greyhound in solido of $200,000.00, per the terms of the open account agreement, remain past due and owing, together with contractual interest of 1% per month, all costs of these proceedings, including but not limited to all court costs, and reasonable attorneys' fees pursuant to La. R.S. § 9:2781.

## CLAIMS FOR RELIEF

### Count 1: Recognition and Enforcement of the Lien against the Subject Interests

19. Aries Marine incorporates hereinbelow all allegations in the preceding paragraphs.

20. LOWLA grants claimants like Aries Marine a privilege and lien to secure payment for its work by operation of law.

21. The lien and privilege afforded under LOWLA is established over:

   (a) "The operating interest under which the operations giving rise to the claimant's privilege are conducted, together with the interest of the lessee of such interest in a:

   (i) Well, building, tank, leasehold pipeline, and other construction or facility on the well site.

   (ii) Movable on a well site that is used in operations, other than

7

     a movable that is only transiently on the well site for repair, testing, or other temporary use.

    (iii) Tract of land, servitude, and lease described in R.S. 9:4861(12)(c) covering the well site of the operating interest.

  (b) Drilling or other rig located at the well site of the operating interest if the rig is owned by the operator or by a contractor from whom the activities giving rise to the privilege emanate.

  (c) The interest of the operator and participating lessee in hydrocarbons produced from the operating interest and the interest of a non- participating lessee in hydrocarbons produced from that part of his operating interest subject to the privilege.

  (d) The proceeds received by, and the obligations owed to, a lessee from the disposition of hydrocarbons subject to the privilege." (together, the "LOWLA Properties").

La. R.S. § 9:4683(A)(1-4).

  22. In this lawsuit, Aries Marine seeks recognition and enforcement of its lien privileges as described in the Lien Affidavits solely with respect to the Defendants' interests in the specific property interests of the Defendants included within La. R.S. § 9:4683(A)(1-4) (collectively, the "Subject Interests"), expressly reserving any and all rights to seek recovery of additional amounts associated with the sales proceeds derived from the sale of the hydrocarbons produced from the Leases.

  23. Additionally, pursuant to La. R.S. § 9:4862(B)(3), Aries Marine seeks recognition of its right to recover against the Subject Interests the cost of preparing and filing the Lien Affidavits and the notice of *lis pendens* authorized to be filed under La. R.S. § 9:4865(c), which Aries Marine intends to file during the period allotted thereunder.

**Count II: Request for Writ of Sequestration against the Subject Interests**

23. Aries Marine incorporates hereinbelow all allegations in the preceding paragraphs.

24. Louisiana law recognizes that sequestration is warranted when a plaintiff claims a privilege against the property of a defendant, and "it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish, during the pendency of the action." La. Code Civ. P. art. 3571.

25. Additionally, Louisiana law provides that, for liens and privileges under LOWLA, "[a] claimant may enforce his privilege by a writ of sequestration, without the necessity of furnishing security." La. R.S. § 9:4871.

26. Through this action, Aries Marine seeks to enforce the Liens against property of the Defendants, and the Subject Interests, in the amounts set forth in **Exhibit 1**.

27. As holder of the Subject Interests, the Defendants have the power to alienate or encumber the Subject Interests.

28. To protect Aries Marine's Lien Affidavits, it is necessary that a Writ of Sequestration issue, in accordance with La. Code Civ. P. Art. 3571, *et seq.*, and without security in accordance with La. R.S. § 9:4871, directing the United States Marshal to seize and to hold the Subject Interests until further Order from this Court, and to record the Writ of Sequestration in the records of the Clerks of Court for the Parishes of Cameron, Plaquemines, and Terrebonne, and in the records of BOEM.

29. Aries Marine further seeks a Writ of Garnishment in connection with the Writ of Sequestration issued to all purchasers of the gas, oil and distillate produced and saved from wells located on the Leases, ordering them to turn over to Aries Marine all proceeds derived from the

Leases in an amount sufficient to pay the full amount owed for the work provided for the benefit of the Leases, secured by the Lien Affidavits, and owed to Aries Marine, including interest, expenses, attorneys' fees and costs, as permitted by law.

30. Therefore, on the basis of the allegations above, verified by Aries Marine's authorized representative, Courtney B. Ramsay, and further supported by the exhibits attached hereto, Aries Marine respectfully prays for recognition of its Liens and issuance of writs of sequestration and garnishment, in substantially the same form as the Writ of Sequestration attached hereto and with a Writ of Garnishment issued after it is determined which purchasers are purchasing the oil, gas, and distillates from the wells.

### Count III: *In Personam* claim against Sanare and Greyhound

31. Aries Marine contracted with Defendants to furnish Charter Services for which Aries Marine has not been paid. An amount of $374,165.00 remains fully due and owing by Sanare to Aries Marine, and an amount of $200,000.00 remains fully due and owing by Sanare and Greyhound, *in solido*, to Aries Marine.

32. The Charter Services were furnished by Aries Marine to Defendants under an open account agreement.

33. Despite amicable demand sent via certified mail to Sanare and Greyhound more than 30 days prior to the filing of this lawsuit, the above amounts remain unpaid.

34. Accordingly, Aries Marine is entitled to all costs of these proceedings, including but not limited to all court costs, contractual interest of one percent (1%) per month from the date due until fully paid, and reasonable attorneys' fees pursuant to La. R.S. § 9:2781.

## Verification

35. As shown by the attached Verifying Affidavit, the foregoing allegations are true and correct and within the jurisdiction of this Honorable Court.

## Prayer for Relief

**WHEREFORE**, Plaintiff, Aries Marine Corporation, respectfully prays that this Court:

(i) Recognize the liens and privilege in favor of Aries Marine Corporation in the amounts pertaining to each Lien Affidavit, as set forth in **Exhibit 1**, together with contractual interest of one percent (1%) from the date due until fully paid, attorneys' fees up to ten percent (10%) of the amount owed, the costs of preparing and filing the Lien Affidavits, and all court costs, solely with respect to the Defendants' interest in the specific property interests of the Defendants included within La. R.S. § 9:4683(A)(1-4) (a/k/a, the Subject Interests);

(ii) Issue a writ of sequestration, the requirement of security having been dispensed with by law, directing the United States Marshal to seize and to hold the Subject Interests and to record the Writ of Sequestration in the records of the Clerks of Court for the Parishes of Cameron, Plaquemines, and Terrebonne, and in the records of the United States of America, Bureau of Ocean and Energy Management and in connection with the Writ of Sequestration, issue of Writ of Garnishment garnishing all monies owed by purchasers to the Defendants for the purchasing of oil, gas and distillates from the wells.

(iii) Issue final judgment in favor of Aries Marine Corporation and against the Subject Interests in the amounts set forth in **Exhibit 1**, together with contractual interest of one percent (1%) per month from the date due until fully paid, attorneys' fees up to ten percent (10%) of the amount due, the costs of preparing and filing the lien affidavits and notices of *lis pendens*, and all court costs;

(iv) Issue final judgment in favor of Aries Marine Corporation and against Sanare Energy Partners, LLC, *in personam*, in the amount of $374,165.00, and against Sanare Energy Partners, LLC and Greyhound Energy LLC, *in solido* and *in personam*, in the amount of $200,000.00, together with contractual interest at the rate of 1% per month from the date due until paid in full, all costs of these proceedings, including but not limited to court costs, and reasonable attorney's fees for bringing this action pursuant to Louisiana Revised Statute § 9:2781; and

(v) For any other legal and equitable relief as this court deems fit and proper.

Respectfully submitted,

BULLEN & PLAUCHÉ, L.L.C.

BY: s/ George C. Plauché
GEORGE C. PLAUCHÉ (23260)
george@bullenplauche.com
JAMES L. BULLEN (22010)
jim@bullenplauche.com
130 Audubon Blvd., Suite 102
Lafayette, LA 70503
Telephone: (337) 237-1213
Facsimile: (337) 233-9095

ATTORNEYS FOR ARIES MARINE CORPORATION

**PLEASE ISSUE SUMMONSES:**
**Sanare Energy Partners, LLC**
*through its registered agent*
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**Greyhound Energy LLC**
*through its registered agent*
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130

## VERIFYING AFFIDAVIT

STATE OF LOUISIANA

LAFAYETTE PARISH

BEFORE ME, the undersigned notary public, came and appeared

**Courtney B. Ramsay**

who, after being duly sworn, did depose and say:

That he is the President and Chief Executive Officer of plaintiff, Aries Marine Corporation; that he has reviewed the above and foregoing Verified Complaint; that all of the allegations of fact therein contained are true and correct to the best of his knowledge, information, and belief; and that the exhibits attached thereto are true and correct copies of company records and other documents.

_____
Courtney B. Ramsay
President and CEO of Aries Marine Corporation

SWORN AND SUBSCRIBED before me on this 31st day of August, 2023.

_____
NOTARY PUBLIC

GEORGE C. PLAUCHÉ
BAR ROLL NO. 23260
NOTARY NO. 65015
LAFAYETTE PARISH, LOUISIANA
COMMISSION EXPIRES AT DEATH